## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE:                                                                                    CASE NO:

**Michael J Hirl**

# Uniform Plan
# and
# Motion for Valuation of Collateral

CHAPTER 13 PLAN

Date of Plan: _____**9/2/2017**_____

(Date Must be Date that This Plan is Signed by Debtors)

The Debtor(s) propose the following plan pursuant to § 1321*.

In conjunction with the plan, the Debtor(s) move for the valuation of secured claims in the amount set forth in paragraph 8. **The Debtor(s) propose to pay the holder of the Secured Claim only the amounts set forth in the Debtor(s)' Plan. The Court will conduct a scheduling conference on this contested matter on the date set for the hearing on confirmation of the Debtor(s)' plan. You must file a response in writing not less than 5 days (including weekends and holidays) before the hearing on confirmation of the plan or the valuation set forth in the plan may be adopted by the Court. If no response is filed, the Debtor(s)' sworn declaration at the conclusion of this plan may be submitted as summary evidence at the hearing pursuant to Rule 7056 and 28 U.S.C. § 1746. If no timely answer is filed, the Court may conduct a final hearing on the objection at the hearing on confirmation of the plan.**

**1. Payments.** The Debtor(s) submit all or such portion of their future earnings and other future income to the supervision and control of the chapter 13 Trustee ("Trustee") as is necessary for the execution of the plan. The amount, frequency, and duration of the payments, are as follows:

| Beginning Month** | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| Pre-modification payments to Trustee | | | -- |
| 1 (Oct 2017) | 60 (Sep 2022) | $2,670.00 | $160,200.00 |
| | | Grand Total: | $160,200.00 |

The first monthly payment is due not later than 30 days after the date this case was filed. If the payments to be made by the chapter 13 trustee pursuant to paragraph 4 are adjusted in accordance with the Home Mortgage Payment Procedures adopted pursuant to Bankruptcy Local Rule 3015(b) (whether on account of a change in any escrow requirement, a change in the applicable interest rate under an adjustable rate mortgage, or otherwise), the Debtor(s)' payments required by this paragraph 1 will be automatically increased or decreased by (i) the amount of the increase or decrease in the paragraph 4 payments; and (ii) the amount of the increase or decrease in the Posted Chapter 13 Trustee Fee that is caused by the change. The Posted Chapter 13 Trustee Fee is the percentage fee posted on the Court's web site from time to time. The chapter 13 trustee is authorized to submit an amended wage withholding order or to amend any automated bank draft procedure to satisfy the automatic increase or decrease.

A notice of any adjustment in the payment amount must be filed by the chapter 13 trustee.

Except as otherwise ordered by the Court, payments to the chapter 13 trustee will be made pursuant to a wage withholding order, an EFT Order or an ACH Order. Local Rule 1007(d) determines the payment form that is required from time-to-time.

---

\* All § references are to the Bankruptcy Code and Bankruptcy Rules unless otherwise cited.

\*\* When subsequent tables refer to "Month #", Month #1 is the month in which the first payment is due under 11 U.S.C. § 1326(a)(1).

Case No:
Debtor(s):  **Michael J Hirl**

---

**2. Priority Claims.**   From the payments made by the Debtor(s) to the Trustee, the Trustee shall pay in full, all claims entitled to priority under § 507.  Payments shall be made in the order of priority set forth in § 507(a) and § 507(b).  Payments of equal priority shall be made pro rata to holders of such claims.  Priority claims arising under § 503(b)(2) shall be paid only after entry of an order by the Bankruptcy Court approving payment of the claim.  If this case is dismissed, no priority claim arising under § 503(b)(2) shall be allowed unless an application for allowance is filed on or before 21 days after entry of the order of dismissal.

| Name of Holder of Priority Claim | Amount of Priority Claim | Interest Rate Under Plan | First Payment of this Amount in Mo. # | Last Payment of this Amount in Mo. # | Amount of Estimated Periodic Payment | Total |
|---|---|---|---|---|---|---|
| **Damani Law Firm PLLC** | **$2,325.00** | | Total pre-modification payments by Trustee | | | **--** |
| | | 0.00% | 1 | 4 | **Pro-Rata** | **$2,325.00** |

A priority claim of $100.00 is allowed to Debtor(s)' counsel if:

(i) a proposed wage order was filed on the petition date for Debtor(s) earning a wage or salary; or,

(ii) if the Debtor(s) are retired, self-employed, or unemployed or if the proposed wage order is insufficient to provide the full monthly plan payment, a proposed Electronic Funds Transfer Certification or ACH Certification was filed on the petition date.  No application or further order is required.  The $100.00 allowance is in addition to any amounts otherwise awarded by the Court.

**3. Secured Claims for which Collateral is to be Surrendered upon Confirmation.**  The Debtor(s) surrender the following collateral:

| Name of Creditor | Description of Collateral |
|---|---|
| | |

Upon confirmation of this Plan, the Debtor(s) immediately surrender and abandon the property and agree to immediately turn over and/or vacate the property, and the lienholder(s) may take any action allowed under applicable law with respect to this property without further order of the Court.

Case No:
Debtor(s):  **Michael J Hirl**

_____

**4. Secured Claim for Claim Secured Only by a Security Interest in Real Property that is the Debtor(s)' Principal Residence (Property to be Retained).  For each such claim, utilize either A, B, or C, below:**

☑   **A.**   The following table sets forth the treatment of certain classes of secured creditors holding a claim secured only by a security interest in real property that is the Debtor(s)' principal residence.  The amount listed as the "Principal Amount of Claim for Arrearage" is the amount proposed by the Debtor(s) in this Plan.  If the actual allowed claim is in a different amount, the amount paid pursuant to this Plan shall be the amount due on the actual amount of the allowed claim without the need of an amended plan.  The amount listed as "Amount of Estimated Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim without the need of an amended plan.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim for Arrearage | Interest Rate Under Plan | First Payment of this Amount in Month # | Last Payment of this Amount in Month # | Amount of Estimated Periodic Payment | Total |
|---|---|---|---|---|---|---|
| **Seterus Inc** | **$38,612.09** | | | Total pre-modification payments by Trustee | | **--** |
| **Single family home - homestead** | | **0.00%** | **4** | **59** | **Pro-Rata** | **$38,612.09** |

Payment of the arrearage amounts shall constitute a cure of all defaults (existing as of the petition date) of the Debtor(s)' obligations to the holder of the secured claim.

The Secured Claims held by secured creditors holding a claim secured only by a security interest in real property that is the Debtor(s)' residence (other than the arrearage claims set forth in the above table) will be paid in accordance with the pre-petition contract held by the holder of the secured claim.  The first such payment is due on the first payment due date under the promissory note (after the date this bankruptcy case was filed).  During the term of the plan, these payments will be made through the chapter 13 trustee in accordance with the Home Mortgage Payment Procedures adopted pursuant to Bankruptcy Local Rule 3015(b).  Each holder of a claim that is paid pursuant to this paragraph must elect to either (i) apply the payments received by it to the next payment due without penalty under the terms of the holder's pre-petition note; or (ii) waive all late charges that accrue after the order for relief in this case.  Any holder that fails to file an affirmative election within 30 days of entry of the order confirming this plan has waived all late charges that accrue after the order for relief in this case.  Notwithstanding the foregoing, the holder may impose a late charge that accrues following an event of default of a payment due under paragraph 1 of this Plan.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

The Debtor(s) must provide the information required by the chapter 13 trustee pursuant to the Home Mortgage Payment Procedures, prior to 7 days after the date this Plan is proposed.

Case No:
Debtor(s):  **Michael J Hirl**

---

☐  **B.**   The holder of the claim secured only by a security interest in real property that is the Debtor(s)' principal residence has agreed to refinance the security interest and claim on the terms set forth on the document attached as Exhibit "A".  The refinancing brings the loan current in all respects.  The terms of the loan that is being refinanced and the new loan are described below:

|  | **Old Loan** | **New Loan** |
|---|---|---|
| **Current amount owed on old loan and total amount borrowed on new loan** |  |  |
| **Interest rate is fixed or variable?** |  |  |
| **Interest rate (in %)** |  |  |
| **Monthly principal and interest payment** |  |  |
| **Closing costs paid by debtors** |  |  |
| **Monthly required escrow deposit** |  |  |

Payments made to the above referenced holder will be paid (check one, ONLY if Debtor(s) have checked option B, above):

☐  **Through the chapter 13 trustee.**

☐  **Directly to the holder of the claim, by the Debtor(s).**  If there has been a default in payments following the refinancing, future payments will be through the chapter 13 trustee.  If payments are to be made directly to the holder of the claim by the Debtor(s), then the holder of the claim may not impose any attorneys fees, inspection costs, appraisal costs or any other charges (other than principal, interest and escrow) if such charges arose (in whole or in part) during the period (i) when the case is open; (ii) after the closing of the refinanced loan; and (iii) prior to a modification of this plan (i.e., following a default by the Debtor(s) in payments to the holder of the claim) pursuant to which the Debtor(s) commence payments through the chapter 13 trustee to the holder of the claim secured solely by a security interest in the Debtor(s)' principal residence.

Case No:
Debtor(s):  **Michael J Hirl**

---

☐  **C.**   The following table sets forth the treatment of certain classes of secured creditors holding a claim secured only by a security interest in real property that is the Debtor(s)' principal residence.  The Debtor(s) allege that the total amount of debt secured by liens that are senior in priority to the lien held by _____ exceeds the total value of the principal residence.  Accordingly, the claim will receive (i) no distributions as a secured claim; and (ii) distributions as an unsecured claim only in accordance with applicable law.

Upon the Debtor(s)' completion of all payments set forth in this plan, the holder of the lien is required to execute and record a full and unequivocal release of its liens, encumbrances and security interests secured by the principal residence and to provide a copy of the release to the Debtor(s) and their counsel.  Notwithstanding the foregoing, the holder of a lien that secures post-petition homeowners' association fees and assessments will be allowed to retain its lien, but only to secure (i) post-petition assessments; and (ii) other post-petition amounts, such as legal fees, if such other post-petition amounts are (x) incurred with respect to post-petition fees and assessments; and (y) approved by the Court, if incurred during the pendency of the bankruptcy case.

| | | |
|---|---|---|
| Name of Holder of Lien to which this provision applies | | |
| Address of Principal Residence | | |
| Debtor(s)' Stated Value of Principal Residence | | |
| Description of all Liens Senior in Priority (List Holder and Priority) | Estimated Amount Owed on This Lien | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Total Owed--All Senior Liens | | |

This paragraph 4C will only be effective if the Debtor(s) do each of the following:

- Mail a "Lien Stripping Notice", in the form set forth on the Court's website, to the holder of the lien that is governed by this paragraph 4C.  The Lien Stripping Notice must be mailed in a separate envelope from any other document.

- File a certificate of service reflecting that the Lien Stripping Notice was mailed by both certified mail, return receipt requested and by regular US mail to the holder of the lien at all of the following addresses, with the mailings occurring not later than 30 days prior to the hearing on this plan:

  - The address for notices shown on any proof of claim filed by the holder.

  - Any attorney representing the holder who has filed a request for notice in this bankruptcy case.

  - If no address for notices is given on a proof of claim filed by the holder, on the last known address of the holder.

  - If the holder did not file a proof of claim, service must be in accordance with Fed. R. Bankr. P. 7004.

Case No:
Debtor(s):  **Michael J Hirl**

---

**5. Debt Incurred within 910 Days Preceding Petition Date and Secured by a Lien on a Motor Vehicle or Debt Incurred within 1 Year Preceding Petition Date and Secured by Other Collateral for Which FULL PAYMENT, with Interest, is Provided.**
The following table sets forth each class of secured creditors holding a claim for a debt incurred within 910 days preceding the petition date and secured by a lien on a motor vehicle or for a debt incurred within 1 year preceding the petition date and secured by other collateral for which full payment is proposed. The amount listed as "Principal Amount of Claim" is an estimate of the actual allowed claim.

If the Court allows a claim in a different amount than is shown below under "Principal Amount of Claim", the Plan shall be deemed amended to pay the principal amount as allowed without the requirement of the filing of an amended plan. The amount listed as "Estimated Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim.

Payment of the amounts required in this section constitutes a cure of all defaults (existing as of the date this plan is confirmed) of the Debtor(s)' obligations to the holder of the secured claim. If the monthly payment in the proposed plan is less than the amount of the adequate protection payment ordered in this case, the actual payment will be the amount of the monthly adequate protection payment.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

Each secured claimant is hereby designated to be in a class by itself. Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the extent or validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim. The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan. The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim | Interest Rate Under Plan | First Payment of this Amount in Mo. # | Last Payment of this Amount in Mo. # | Amount of Estimated Periodic Payment | Total |
|---|---|---|---|---|---|---|
| | | | | | | |

**6. Debt Incurred within 910 Days Preceding Petition Date and Secured by a Lien on a Motor Vehicle or Debt Incurred within 1 Year Preceding Petition Date and Secured by Other Collateral for Which LESS THAN Full Payment, with Interest, is Provided.**
The following table sets forth each class of secured creditors holding a claim for a debt incurred within 910 days preceding the petition date and secured by a lien on a motor vehicle or for a debt incurred within 1 year preceding the petition date and secured by other collateral for which less than full payment is proposed. The amount listed as "Principal Amount of Claim" is an estimate of the actual allowed claim. The amount that will be paid under the plan is the amount, with interest, that pays the lesser of (i) the amount listed in the holder's proof of claim; or (ii) the amount listed as "Amount of Claim to be Paid Under Plan" (the Amount of Claim to be Paid Under Plan will NOT be adjusted to reflect the actual Allowed Amount of the Claim).

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

Each secured claimant is hereby designated to be in a class by itself. Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the extent or validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim. The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan. The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim | Amount of Claim to be Paid under Plan | Interest Rate Under Plan | First Payment of this Amount in Mo. # | Last Payment of this Amount in Mo. # | Amount of Estimated Periodic Payment | Total |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**7. Secured Debts Paid in Accordance with Pre-Petition Contract (Use Only for Contracts on Which There is No Default).**
The Debtor(s) represent that there are no payment defaults on the contracts listed in this paragraph. The secured claims held by the following secured creditors will be paid in accordance with the pre-petition contracts between the Debtor(s) and the holder of the secured claim:

Case No:
Debtor(s):   **Michael J Hirl**

| Name of Holder / Collateral for Claim | Total Claim | Collateral Value | Contract Interest Rate |
|---|---|---|---|
| | | | |

**8. All Other Secured Claims (Property to be Retained).**  Each secured claimant is hereby designated to be in a class by itself. Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the extent or validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim.  The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan.  The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

The following table sets forth the treatment of each class of secured creditors whose claims are modified by the Plan.  The amount of secured claim to be paid under this plan is the lesser of the amount listed below as the "Collateral Value" and the allowed amount of the holder's claim.  If the Court allows a different amount than is shown below, the Plan shall be deemed amended without the requirement of the filing of an amended plan.  The amount listed as "Amount of Estimated Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim (without regard to Value of Collateral) | Collateral Value | Int. Rate per Plan | First Pmt. of this Amt. in Mo. # | Last Pmt. of this Amt. in Mo. # | Amount of Estimated Periodic Payment | Total |
|---|---|---|---|---|---|---|---|
| **Maplewood HOA Civic Ass.** | **$2,100.00** | **$248,286.72** | Total pre-modification payments by Trustee | | | | **--** |
| **Single family home - Homestead** | | | **5.00%** | **4** | **59** | **Pro-Rata** | **$2,398.30** |

Payment of the amounts required in this section constitutes a cure of all defaults (existing as of the date this plan is confirmed) of the Debtor(s)' obligations to the holder of the secured claim.  If the monthly payment in the proposed plan is less than the amount of the adequate protection payment ordered in this case, the actual payment will be the amount of the monthly adequate protection payment.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

**9. Specially Classified Unsecured Claims.** The following unsecured claims will be treated as described below:

| Name of Unsecured Creditor | Treatment |
|---|---|
| | |

**10. Unsecured Claims.**  Unsecured creditors not entitled to priority and not specially classified in Paragraph 9 above shall comprise a single class of creditors.  Allowed claims under this paragraph shall be paid a pro rata share of the amount remaining after payment of all secured, priority, and specially classified unsecured claims.  The Debtor(s) estimate that these unsecured creditors will receive a _____**15%**_____ dividend.

**11. Executory Contracts.** Except as set forth elsewhere in this Plan or in the following sentence, all executory contracts are rejected. The following contracts are assumed:

**12. Asset Sales.**   The Debtor(s) are authorized--without the need for further Court order--to sell their exempt property in accordance with the following sentence.  Any such sale shall provide for the full payment, at closing, of all liens on the property that is sold.  If the Debtor(s) request and the Court so determines, an order confirming this authority may be granted by the Court, ex parte.

**13. Surrender of Collateral during the Plan Period.**   The Debtor(s) may surrender collateral to a secured creditor after confirmation of the Plan by filing a motion pursuant to Fed. R. Bankr. P. 4001 for an agreed order providing for surrender of collateral and termination of the automatic stay.  The motion will be submitted on 14 days notice.  Upon the entry of an order approving the surrender, the Debtor(s) will immediately turn over and/or vacate the property, and the lienholder(s) may take any action allowed under applicable law with respect to this property without further order of the Court.

Case No:
Debtor(s):   **Michael J Hirl**

---

**14. Emergency Savings Fund.**  Line 21 of Schedule J (the Debtor's expense budget) includes a provision for an emergency savings fund by the Debtor(s).  Deposits into the emergency savings fund will be made to the Trustee.  Withdrawals from the emergency savings fund may be made by application to the Court, utilizing the form application from the Court's website.  Withdrawals should be requested only in an emergency.  The form application need only be served electronically, and only to persons subscribing to the Court's CM/ECF electronic noticing system.  An application will be deemed granted on the 15th day after filing unless (i) an objection has been filed; or (ii) the Court has set a hearing on the motion.  The Debtor(s) may request emergency consideration of any application filed under this paragraph.  The balance in the emergency savings fund will be paid to the Debtor(s) following (i) the granting of the discharge in this case; (ii) the dismissal of this case; or (iii) the conversion of this case to a case under chapter 7, except on those circumstances set forth in 11 U.S.C. § 348(f)(2).

The deposits into the emergency savings fund will be:

| Month of First Deposit of this Amount | Month of Last Deposit of this Amount | Amount | Total |
|---|---|---|---|
|  |  |  |  |

Pre-modification savings deposits

TOTAL

**15. Discharge and Vesting of Property.**  The Debtor(s) will be granted a discharge in accordance with § 1328.  Property of the estate shall vest in the Debtor(s) upon entry of the discharge order.

**16. Plan Not Altered from Official Form.**   By filing this plan, Debtor(s) and their counsel represent that the plan is in the official form authorized by the Court.  There are no addenda or other changes made to the official form.

**17. Additional Provisions.**   [If an additional provision is requested, the Debtor(s) must simultaneously file a motion seeking approval for the inclusion of the additional provision].
None.

**Debtor's Declaration Pursuant to 28 U.S.C. § 1746**

I declare under penalty of perjury that the foregoing statements of value contained in this document are true and correct.

Dated:   **9/2/2017**

**/s/ Michael J Hirl**
**Michael J Hirl**

**/s/ Anis Damani**
**Anis Damani**
**Damani Law Firm PLLC**
**8303 Southwest FWY, Ste. 111**
**Houston, TX 77074**
**Attorney for Debtor(s)**

Case No:
Debtor(s):  **Michael J Hirl**

## Plan Summary and Statistical Cover Sheet for Proposed Plan Modification

Date: _____ 9/2/2017 _____

**(Date Should be Date that this Proposed Plan is Signed by Debtor)**

### Disposable Income and Plan Payments

| (A) Projected Schedule "I" Income (as shown on most recently filed Schedule I) | (B) Projected Schedule "J" Expenses (as shown on most recently filed Schedule J) | (C) Projected Disposable Income | (D) Beg. Month # | (E) End Month # | (F) Payment Amount | (G) Payments for the Benefit of Creditors | | (H) Savings Expense from Line 21 of Schedule J | | (I) Total Monthly Trustee Payment Including Savings |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Total Pre-Modification Payments to Trustee | | | -- | | -- | | -- |
| | | | | | | Per Month | Total | Per Month | Total | |
| $5,085.59 | $2,390.00 | $2,695.59 | 1: 10/17 | 60: 09/22 | $2,670.00 | $2,670.00 | $160,200.00 | $0.00 | $0.00 | $160,200.00 |
| | | | Grand Total | | | | $160,200.00 | | $0.00 | $160,200.00 |
| | | | Less Posted Chapter 13 Trustee Fee* | | | | $9,531.60 | | $0.00 | $9,531.60 |
| | | | Net Available | | | | $150,668.40 | | $0.00 | $150,668.40 |

### Projected Trustee Disbursements to Priority and Secured Creditors

| Name of Holder / Description of Collateral (or "None" if appropriate) | Type of Claim (List Priority Claims, Followed by Claims Secured by Principal Residence, Followed by Other Secured Claims) | Int. Rate | Beg. Month # | End Month # | Payment Amount | Total Payment |
|---|---|---|---|---|---|---|
| **Damani Law Firm PLLC** **None** | **Priority** | Total Pre-Modification Payments by Trustee | | | | -- |
| | | 0.00% | 1 | 4 | **Pro-Rata** | $2,325.00 |
| **Seterus Inc** **Single family home - homestead** | **Principal Res.** | Total Pre-Modification Payments by Trustee | | | | -- |
| | | 0.00% | 1 | 60 | $1,774.00 | $106,440.00 |
| **Seterus Inc** **Single family home - homestead** | **Principal Res.** **(Arrearage)** | Total Pre-Modification Payments by Trustee | | | | -- |
| | | 0.00% | 4 | 59 | **Pro-Rata** | $38,612.09 |
| **Maplewood HOA Civic Ass.** **Single family home - Homestead** | **Secured** | Total Pre-Modification Payments by Trustee | | | | -- |
| | | 5.00% | 4 | 59 | **Pro-Rata** | $2,398.30 |
| | | | | | Grand Total | $149,775.39 |

---

* The Posted Chapter 13 Trustee Fee is based on the percentage listed on the Court's website.

Case No:
Debtor(s):  **Michael J Hirl**

---

| **SUMMARY OF PAYMENTS** | |
| --- | --- |
| Net Available to Creditors (Must Equal Net Available from Column G Above) | **$150,668.40** |
| Less Estimated Attorneys' fees | **$2,325.00** |
| Less Total to Priority Creditors | **$0.00** |
| Less Total to Secured Creditors | **$147,450.39** |
| Net Available for Unsecured Creditors | **$893.01** |
| Estimated General Unsecured Claims | **$5,808.00** |
| Forecast % Dividend on General Unsecured Claims | **15%** |

| **BEST INTEREST TEST** | |
| --- | --- |
| Value of total non-exempt property | **$200.00** |
| Total distributions to all priority and general unsecured creditors | **$3,218.01** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:  **Michael J Hirl** _____      CASE NO.

                          *Debtor*

_____      CHAPTER    **13**

                          *Joint Debtor*

**CERTIFICATE OF SERVICE**

_____

    I, the undersigned, hereby certify that on September 2, 2017, a copy of the attached Chapter 13 Plan, with any attachments, and Budget and Monthly Family Income were served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).


                    **/s/ Anis Damani** _____
                    Anis Damani
                    Bar ID:24072059
                    Damani Law Firm PLLC
                    8303 Southwest FWY, Ste. 111
                    Houston, TX 77074
                    (832) 333-7000


_____

Baylor Medical                Harris County toll road authority      Seterus Inc
6620 Main street              4828 loop central drive ste 500        6590029958451
Houston, TX 77030             Houston, TX 77081                      14523 Sw Millikan Way St
                                                                     Beaverton, OR 97005


Capital Accounts              M/W Civic Ass                          The Women's Hospital
1732622                       2800 Post Oak Blvd. No. 5777           7600 Fannin
Po Box 140065                 Houston, TX 77056                      Houston, TX 77054
Nashville, TN 37214


Credit Systems Intl In        Maplewood HOA Civic Ass.
109026464                     5300 N. Braeswood Blvd. #4
1277 Country Club Ln          Houston, TX 77096-3307
Fort Worth, TX 76112


Dr. Jeffrey Boech             Michael J Hirl
9660 Hillcroft St STE 340     5735 Dumfries
Houston, TX 77096             Houston, TX 77096

**Fill in this information to identify your case:**

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Michael** | **J** | **Hirl** | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name | |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF TEXAS** | | | |
| Case number (if known) | | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form 106I

## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Describe Employment

**1. Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ☐ Employed<br>☑ Not employed | ☑ Employed<br>☐ Not employed |
| **Occupation** | **Unemployed** | **Clerk** |
| **Employer's name** | | **Tuesday Morning, Inc** |
| **Employer's address** | | **6250 LBJ Freeway** |
| | Number  Street | Number  Street |
| | | |
| | | **Dallas**        **TX**   **75240** |
| | City        State   Zip Code | City        State   Zip Code |
| **How long employed there?** | | **1 year** |

### Part 2:  Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| **2.** | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | **$0.00** | **$887.49** |
| **3.** | Estimate and list monthly overtime pay. | 3. + | **$0.00** | **$0.00** |
| **4.** | Calculate gross income. Add line 2 + line 3. | 4. | **$0.00** | **$887.49** |

Debtor 1    **Michael J Hirl**                                                    Case number (if known) _____

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here ............................................................ → | 4. | $0.00 | $887.49 |
| **5.** **List all payroll deductions:** |  |  |  |
| **5a.** Tax, Medicare, and Social Security deductions | 5a. | $0.00 | $67.90 |
| **5b.** Mandatory contributions for retirement plans | 5b. | $0.00 | $0.00 |
| **5c.** Voluntary contributions for retirement plans | 5c. | $0.00 | $0.00 |
| **5d.** Required repayments of retirement fund loans | 5d. | $0.00 | $0.00 |
| **5e.** Insurance | 5e. | $0.00 | $0.00 |
| **5f.** Domestic support obligations | 5f. | $0.00 | $0.00 |
| **5g.** Union dues | 5g. | $0.00 | $0.00 |
| **5h.** Other deductions. Specify: _____ + | 5h. | $0.00 | $0.00 |
| **6.** **Add the payroll deductions.**   Add lines 5a + 5b + 5c + 5d + 5e + 5f + 5g + 5h. | 6. | $0.00 | $67.90 |
| **7.** **Calculate total monthly take-home pay.**    Subtract line 6 from line 4. | 7. | $0.00 | $819.59 |
| **8.** **List all other income regularly received:** |  |  |  |
| **8a.** **Net income from rental property and from operating a business, profession, or farm**   Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $0.00 | $0.00 |
| **8b.** Interest and dividends | 8b. | $0.00 | $0.00 |
| **8c.** **Family support payments that you, a non-filing spouse, or a dependent regularly receive**   Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $700.00 | $0.00 |
| **8d.** Unemployment compensation | 8d. | $800.00 | $0.00 |
| **8e.** Social Security | 8e. | $1,916.00 | $0.00 |
| **8f.** **Other government assistance that you regularly receive**   Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $0.00 | $0.00 |
| **8g.** Pension or retirement income | 8g. | $0.00 | $0.00 |
| **8h.** **Other monthly income.** Specify: **Average distribution from living trust** + | 8h. | $850.00 | $0.00 |
| **9.** **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f + 8g + 8h. | 9. | $4,266.00 | $0.00 |

**10.** **Calculate monthly income.**  Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

| 10. | $4,266.00 | + | $819.59 | = | $5,085.59 |
|---|---|---|---|---|---|

**11.** State all other regular contributions to the expenses that you list in Schedule J.
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.

Specify: _____    11. + **$0.00**

**12.** **Add the amount in the last column of line 10 to the amount in line 11.**  The result is the combined monthly income.  Write that amount on the Summary of Your Assets and Liabilities and Certain Statistical Information, if it applies.

12. **$5,085.59**
**Combined monthly income**

**13.** Do you expect an increase or decrease within the year after you file this form?

☐ No.
☑ Yes. Explain: **Debtor is actively seeking employment and expects to be employed soon. Debtor is also expecting regular payments from a living trust.**

<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Michael** | **J** | **Hirl** | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF TEXAS** | | | |
| Case number | | | | |
| (if known) | | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J

## Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1.  **Is this a joint case?**

    ☑ No. Go to line 2.

    ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No

      ☐ Yes. Debtor 2 must file Official Form 106J-2, Expenses for Separate Household of Debtor 2.

2.  **Do you have dependents?**     ☐ No

    Do not list Debtor 1 and     ☑ Yes. Fill out this information
    Debtor 2.     for each dependent..................

    Do not state the dependents' names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| **Daughter** | **18** | ☐ No  ☑ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**     ☑ No     ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on Schedule I: Your Income (Official Form 106I.)

**Your expenses**

| | | |
|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. _____ |
| | If not included in line 4: | |
| 4a. | Real estate taxes | 4a. _____ |
| 4b. | Property, homeowner's, or renter's insurance | 4b. _____ |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. _____ **$25.00** |
| 4d. | Homeowner's association or condominium dues | 4d. _____ **$40.00** |

Debtor 1    **Michael J Hirl** _____     Case number (if known) _____

| | | | Your expenses |
|---|---|---|---|

**5.**  **Additional mortgage payments for your residence,** such as home equity loans — 5. _____

**6.**  **Utilities:**

6a.  Electricity, heat, natural gas — 6a. _____ **$350.00**

6b.  Water, sewer, garbage collection — 6b. _____ **$150.00**

6c.  Telephone, cell phone, Internet, satellite, and cable services — 6c. _____ **$275.00**

6d.  Other.  Specify: _____ — 6d. _____

**7.**  **Food and housekeeping supplies** — 7. _____ **$525.00**

**8.**  **Childcare and children's education costs** — 8. _____

**9.**  **Clothing, laundry, and dry cleaning** — 9. _____ **$50.00**

**10.**  **Personal care products and services** — 10. _____ **$50.00**

**11.**  **Medical and dental expenses** — 11. _____ **$200.00**

**12.**  **Transportation.**  Include gas, maintenance, bus or train fare.  Do not include car payments. — 12. _____ **$175.00**

**13.**  **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. _____ **$50.00**

**14.**  **Charitable contributions and religious donations** — 14. _____

**15.**  **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

15a.  Life insurance — 15a. _____

15b.  Health insurance — 15b. _____ **$500.00**

15c.  Vehicle insurance — 15c. _____

15d.  Other insurance.  Specify: _____ — 15d. _____

**16.**  **Taxes.**    Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: _____ — 16. _____

**17.**  **Installment or lease payments:**

17a.  Car payments for Vehicle 1 — 17a. _____

17b.  Car payments for Vehicle 2 — 17b. _____

17c.  Other.  Specify: _____ — 17c. _____

17d.  Other.  Specify: _____ — 17d. _____

**18.**  **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).** — 18. _____

**19.**  **Other payments you make to support others who do not live with you.**
Specify: _____ — 19. _____

Debtor 1   **Michael J Hirl** _____   Case number (if known) _____

**20.** **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.**

    20a.  Mortgages on other property               20a.  _____

    20b.  Real estate taxes                      20b.  _____

    20c.  Property, homeowner's, or renter's insurance     20c.  _____

    20d.  Maintenance, repair, and upkeep expenses     20d.  _____

    20e.  Homeowner's association or condominium dues    20e.  _____

**21.** **Other.**   Specify: _____   21.  +_____

**22.** **Calculate your monthly expenses.**

    22a.  Add lines 4 through 21.                  22a.  _____**$2,390.00**

    22b.  Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2.   22b.  _____

    22c.  Add line 22a and 22b.  The result is your monthly expenses.   22c.  _____**$2,390.00**

**23.** **Calculate your monthly net income.**

    23a.  Copy line 12 (your combined monthly income) from Schedule I.   23a.  _____**$5,085.59**

    23b.  Copy your monthly expenses from line 22c above.   23b.  −_____**$2,390.00**

    23c.  Subtract your monthly expenses from your monthly income. The result is your monthly net income.   23c.  _____**$2,695.59**

**24.** **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

☑ Yes.   Explain here:
    **Debtor is trying to get a mortgage modification with his mortgage company.**